Ray D. Hacke, OSB #173647
PACIFIC JUSTICE INSTITUTE
317 Court St. NE, Ste. 202
Salem, OR 97301
(503) 917-4409 Phone
(916) 857-6902   Facsimile

Attorneys for Plaintiff
CHRISTA KAINO

## UNITED STATES DISTRICT COURT

## IN AND FOR THE DISTRICT OF OREGON

## PENDLETON DIVISION

| | |
|---|---|
| CHRISTA KAINO, an Individual,<br><br>                                    Plaintiff,<br><br>v.<br><br>HARNEY DISTRICT HOSPITAL, A Public Benefit Corporation, and DOES 1 THROUGH 50, Inclusive,<br><br>                                    Defendants | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR RELIGIOUS DISCRIMINATION IN VIOLATION OF TITLE VII [42 U.S.C. § 2000e-2] AND ORS 659A.030(1)(a), AND AIDING AND ABETTING RELIGIOUS DISCRIMINATION [ORS 659A.030(1)(g)]**<br><br>**JURY TRIAL REQUESTED** |

Plaintiff CHRISTA KAINO ("Plaintiff") hereby alleges as follows:

## **PARTIES**

1.    Plaintiff is, and at all times herein was, employed by Defendant HARNEY DISTRICT HOSPITAL ("HARNEY").

2.    Plaintiff was hired by Defendant HARNEY in April 2007 as a Unit Coordinator.  She was then employed in February 2014 in HARNEY's radiology

department as a limited license technician.  After completing radiology school with help from Defendant HARNEY's tuition assistance program, she was promoted to radiology imaging manager.

3.    Plaintiff also is, and at all times herein was, a practicing Christian who, as permitted under Or. Admin. R. 333-019-1010(3-(5)(a), sought from HARNEY a religious exemption from the State of Oregon's requirement that all healthcare workers in the state be vaccinated against COVID-19.  HARNEY not only failed to accommodate Plaintiff's religious beliefs, but also terminated her employment.

4.    HARNEY fired Plaintiff on October 19, 2021, for declining to receive the COVID-19 vaccine in accordance with her sincerely held religious beliefs.

5.    HARNEY is, and at all times herein was, a public benefit corporation owned and operated by the Harney County Health District in Burns, Oregon.  *See* Attached **Exhibit "A"** [a true and accurate copy of HARNEY's proof of registration from the Oregon Secretary of State's website].  HARNEY is, and at all times herein was, an employer within the definition of 42 U.S.C. § 2000e(b).

6.    The true names and capacities of Defendants DOES 1 THROUGH 50 (collectively the "DOES"), inclusive, are unknown to Plaintiff, who therefore sue Defendants under such fictitious names.  Each Defendant designated herein as one of the DOES is legally responsible for the events and happenings herein referred to and proximately caused injuries and damages to Plaintiff thereby, as herein alleged.  Plaintiff will seek leave of this Court to amend this Complaint to show the DOES' names and capacities once they have been ascertained.

## JURISDICTION

7.    Plaintiff refers to and hereby incorporates the foregoing paragraphs as though fully set forth herein.

8.    This Court has jurisdiction over Defendant HARNEY pursuant to 28 U.S.C. § 1331 because Plaintiff's action arises under the laws of the United States.

### VENUE

9.    Plaintiff refers to and hereby incorporates the foregoing paragraphs as though fully set forth herein.

10.    Venue is proper in the Court's Pendleton Division because HARNEY is headquartered in Harney County, the events giving rise to this Complaint occurred in Harney County, and all agents, employees, or other persons working for, or in concert with, Defendant HARNEY with regard to the events giving rise to this case are located in, employed in, and/or residents of Harney County.

### GENERAL ALLEGATIONS

11.    Plaintiff refers to and hereby incorporates the foregoing paragraphs as though fully set forth herein.

12.    In August 2021, at the height of the COVID-19 pandemic (the "Pandemic"), pursuant to an executive order from then-Oregon Governor Kate Brown, the Oregon Health Authority ("OHA") sought to limit the spread of the potentially deadly coronavirus ("COVID-19") in the state's healthcare facilities by issuing an executive order (the "Vaccine Mandate" or the "Mandate") requiring healthcare workers statewide to be vaccinated against COVID-19 by October 18, 2021.  *See* Or. Admin. R. 333-019-1010.  However, the OHA's Mandate allowed healthcare workers to seek, and the healthcare providers who employed them to grant, exemptions from the vaccination requirement.  *Id.*, subsections (3)-(4).

13.    The OHA's Vaccine Mandate also made clear that the Mandate did not prohibit healthcare employers from complying with the requirements of federal and state laws that prohibit employers from discriminating against employees on the basis of religion.  *See* Or. Admin. R. 333-019-1010(5)(a).

14.    In accordance with the OHA's Vaccine Mandate, HARNEY required its employees to be vaccinated against COVID-19 or submit an exception request by October 18, 2021.

15.    HARNEY allowed its employees to seek religious exemptions by filling out and submitting a form that would be reviewed by HARNEY's Vaccine Exception Committee, which had the power to approve or deny religious exception requests or seek additional information.

16.    Plaintiff is a practicing Christian who worked for HARNEY for approximately 14 years – first as a unit coordinator, and then as a radiology manager.

17.    Plaintiff was qualified for her position and had an exemplary employment record.

18.    While working at HARNEY's 25-bed facility throughout the since-abated COVID-19 pandemic, Plaintiff took numerous precautions to prevent herself from contracting and spreading COVID-19, as hospital protocols required. These precautions included wearing personal protective equipment ("PPE") such as gowns, N95 masks, shoe coverings, and face shields; regularly using hand sanitizer; social distancing to a distance of six feet or greater; submitting to daily temperature checks; and answering health-related questions before entering the hospital. Plaintiff was willing to continue following these protocols as well as submit to periodic testing for COVID-19 as a condition of maintaining her employment and would have had HARNEY allowed her to do so.

19.    On or about September 30, 2021, Plaintiff sought a religious exemption from the OHA's Vaccine Mandate based on her sincerely held religious beliefs. *See* Attached **Exhibit "B"** [a true and accurate copy of Plaintiff's religious exception request].

Case 2:23-cv-00643-HL    Document 1    Filed 05/02/23    Page 5 of 30

20.     In the limited space available on the OHA-provided religious exemption request form, Plaintiff clearly articulated that she had objections to receiving the COVID-19 vaccination based on a sincerely held religious belief. *See* Ex. "B."  Plaintiff stated that receiving the COVID-19 vaccine conflicted with her religious observances, practices, or beliefs because it would demonstrate a lack of faith in God as her healer and His blessing of natural immunity as well as accepting the immoral practice used in developing the COVID-19 vaccine.

21.     The "immoral practice" Plaintiff referred to was manufacturers' use of fetal tissue from aborted babies in the research, testing, and development of COVID-19 vaccines.

22.     On October 15, 2021 Plaintiff was informed via e-mail by HARNEY's human resources person, Toni Siegner ("Siegner"), that her exemption request had been reviewed by HARNEY's Vaccine Exception Committee, which either approved or denied requests or noted them as needing more information. *See* Attached **Exhibit "C"** [a true and accurate copy of the e-mail Plaintiff received from Siegner on October 15, 2021].  The e-mail further stated that the "committee was unable to reach a clear majority on [Plaintiff's] request" and asked for more information." *Id.*

23.     Siegner's e-mail stated that religious exceptions from the Vaccine Mandate are "based on a sincerely held religious belief. Approval is based on the applicant's ability to adequately describe how their religious beliefs legitimately affect their ability to receive a COVID-19 vaccination."  *See* Ex. "C."

24.     The reviewers' comments on Plaintiff's religious exception request asked if she and her family were to avoid all medicines and treatments as well as COVID-19 vaccines said it was unclear how vaccines violate Plaintiff's religious beliefs.  *See* Ex. "C."

Complaint

25.     Plaintiff was given three days, until Monday, October 18, 2021, at noon, to add more information to her exception request or reapply and be included in the final committee packet.

26.     Believing the reasons she gave for her religious exception request were sufficient and that HARNEY's question concerning what medicines she and her family avoid was unduly invasive, Plaintiff declined to respond to HARNEY's additional questions.

27.     On October 18, 2021, since HARNEY had not received additional information or answers to their questions probing Plaintiff's religious objection to receiving the COVID-19 vaccine, HARNEY, on October 18, 2021, notified Plaintiff that her employment would be terminated, effective October 19, 2021, due to her not being vaccinated against COVID-19 or having a exception. *See* Attached **Exhibit "D"** [a true and accurate copy of HARNEY's letter notifying Plaintiff that her employment had been terminated].

28.     After firing Plaintiff, HARNEY attempted to shield itself from liability for religious discrimination by announcing to hospital staff via e-mail that Plaintiff had "chosen to leave for personal reasons." *See* Attached **Exhibit "E"** [a true and accurate copy of HARNEY's e-mail announcing Plaintiff's departure]. This statement is patently false: Plaintiff did not choose to leave.  In fact, she had planned on working for HARNEY until she retired.

29.     Due to HARNEY's termination of her employment and her difficulty in obtaining comparable employment with another employer – the closest hospital at which she could potentially work is approximately 70 miles away – Plaintiff has suffered the following monetary damages:

      a.  Loss of monthly salary of $8,500.00,

      b.  Monthly medical expenses of $1,200.00,

    c.  Retirement plan of $500.00 per month, and

    d.  Other benefits worth $60 per month.

30.    Due to HARNEY's termination of her employment and her difficulty obtaining comparable employment with another employer, Plaintiff has suffered a great deal of stress and anxiety about household finances.

31.    As a condition of filing the herein lawsuit, Plaintiff has obtained a right-to-sue letter from the Equal Employment Opportunity Commission.  That letter is attached hereto as **Exhibit "F."**

32.    Attached hereto as **Exhibit "G"** is a printout from the website TimeandDate.com showing when the 90-day statute of limitations set forth in each right-to-sue letter is set to expire.  Plaintiff included this printout to show that she timely filed this lawsuit in compliance with the deadline set forth in her letter.

### FIRST CAUSE OF ACTION:
**Violation of Title VII**
**[42 U.S.C. § 2000e-2]**
**Against Defendant HARNEY DISTRICT HOSPITAL**

33.    Plaintiff refers to and hereby incorporates the foregoing paragraphs as though fully set forth herein.

34.    Title VII of the 1964 Civil Rights Act prohibits employers from discriminating on the basis of religion.  42 U.S.C. § 2000e-2(a)(1).

35.    For purposes of Title VII, "[t]he term 'employer' means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year …"  42 U.S.C. § 2000e(b).

36.    Defendant HARNEY qualifies as an employer under Title VII.

37.    The term "religion," for purposes of Title VII, "includes all aspects of religious observance and practice, as well as belief …" 42 U.S.C. § 2000e(j).

38.     As a practicing Christian, Plaintiff belongs to a class of persons protected under Title VII.  42 U.S.C. § 2000e-2(a)(1).

39.     Plaintiff has a bona fide religious belief that she cannot violate her conscience and receive vaccines developed unethically nor take action that demonstrates lack of faith in God as her healer or His blessing to her of natural immunity.

40.     Plaintiff's bona fide religious belief against taking vaccines whose manufacturers used cells from aborted babies in researching and developing the vaccines conflicted with her employment-related duty to receive a COVID-19 vaccine in accordance with the OHA's Mandate, as the COVID-19 vaccines available on the market in 2021 were all made by manufacturers who used cells from aborted fetuses in the vaccines' testing and development.

41.     Plaintiff informed her employer, Defendant HARNEY, of the conflict between her religious beliefs concerning abortion and her employment-related duty to receive a COVID-19 vaccine.  *See* Ex. "C."

42.     Defendant HARNEY subjected Plaintiff to discriminatory treatment by threatening to and then terminating her employment if she did not receive the COVID-19 vaccine.

43.     Defendant HARNEY made no attempt to accommodate Plaintiff's sincerely held religious beliefs, nor did HARNEY assert to Plaintiff that HARNEY would incur undue hardship by accommodating her beliefs.  HARNEY simply attempted to use Plaintiff's lack of response to its questions seeking additional information to justify its denial of a religious exception request to, and subsequent decision to fire, Plaintiff.

44.     At best, Defendant HARNEY's questions seeking additional information from Plaintiff, can be described as unnecessary, as Plaintiff had shown

a religious belief that conflicts with receiving the COVID-19 vaccine in just a few sentences. At worst, Harney's questions can be described as an invasive probe to test Plaintiff's sincerity of belief.

45.    The Supreme Court has held that government entities "should not undertake to dissect religious beliefs … because [they] are not articulated with the clarity and precision that a more sophisticated person might employ." *Thomas v. Review Bd. of Ind. Employment Sec. Div.,* 450 U.S. 707, 715 (1981) (*Thomas*).

46.    The Supreme Court goes on, saying "religious beliefs need not be acceptable, logical, consistent, or comprehensible to others in order to merit First Amendment protection." *Thomas*, 450 U.S. at 714. That principle surely applies with equal force in Title VII cases.

47.    Defendant HARNEY offered Plaintiff no religious accommodations even though reasonable accommodations were available which would have allowed Plaintiff to continue working while serving HARNEY's interest in significantly limiting the likelihood that its employees would contract and spread COVID-19 to HARNEY's employees and patients.

48.    Defendant HARNEY would have incurred no undue hardship by accommodating Plaintiff's religious beliefs. Instead, Defendant HARNEY threatened to fire Plaintiff, then followed through on those threats.

49.    Animus toward Plaintiff's religious beliefs is truly what motivated Defendant HARNEY to fire Plaintiff, any assertion HARNEY might make to the contrary notwithstanding.

50.    Attempting to comply with the OHA's Vaccine Mandate is no excuse: The Mandate expressly allowed HARNEY to grant religious exemptions to its employees and made clear that the Mandate did not prohibit HARNEY from complying with Title VII. See Or. Admin. R. 333-019-1010(3)-(5)(a).

51.     Based on the foregoing, Defendant HARNEY has discriminated against Plaintiff in violation of Title VII.

## SECOND CAUSE OF ACTION:
### Violation of State Law Prohibiting Religious Discrimination
### [ORS 659A.030(1)(a)]
### Against Defendant HARNEY DISTRICT HOSPITAL

52.     Plaintiff refers to and hereby incorporates the foregoing paragraphs as though fully set forth herein.

53.     Like Title VII, ORS 659A.030(1)(a) prohibits employers from discharging individuals from employment on the basis of religion.

54.     Because Oregon's state law prohibiting employers from discriminating on the basis of religion is modeled after Title VII, and because the analysis for religious discrimination claims under both statutes is identical [*see Hedum v. Starbucks Corp.*, 546 F. Supp. 2d 1017, 1022 (D. Or. 2008)], Plaintiff declines to restate the facts as set forth in her first cause of action, as those facts are already incorporated as though fully set forth herein via paragraph 57.

55.     Under 42 U.S.C. § 2000e-7, nothing in 42 U.S.C. § 1981a(b)(3), which caps the amount of non-pecuniary and punitive damages that can be awarded to Plaintiff, "shall be deemed to exempt or relieve any person from liability, duty, penalty, or punishment provided by any present or future law of any State[.]" In other words, an Oregon jury is free to exceed any applicable federal dollar limit in accordance with Oregon law.

56.     Under Oregon law, a jury may award up to $500,000 in noneconomic damages. *See* ORS 31.710(1). Oregon law defines "noneconomic damages" to include "subjective, nonmonetary losses, including but not limited to … mental suffering, emotional distress, … inconvenience and interference with normal and usual activities apart from gainful employment." ORS 31.705(2)(b).

57.    As stated *supra*, Plaintiff has endured mental suffering and emotional distress due to HARNEY's unlawful discrimination against her.

58.    ORS 659A.885(3) allows for punitive damages against employers such as Defendant HARNEY who violate ORS 659A.030(1)(a).  Oregon law places no cap on punitive damages.  *See Smith v. Ethicon, Inc.*, 2022 U.S. Dist. 98543 at *2 (D. Or. June 2, 2022).

59.    Based on the foregoing, in addition to violating Title VII, Defendant HARNEY has violated ORS 659A.030(1)(a).

**THIRD CAUSE OF ACTION:**
**Aiding and Abetting Religious Discrimination**
**[ORS 659A.030(1)(g)]**
**Against Defendants DOES 1-50**

60.    Plaintiff refers to and hereby incorporates the foregoing paragraphs as though fully set forth herein.

61.    ORS 659A.030(1)(g) prohibits any person from aiding and abetting an employer from engaging in employment discrimination.

62.    In their roles as members of Defendant HARNEY's Exceptions Committee, Defendants DOES 1 THROUGH 50 (the "DOES") – whose identities have yet to be determined, and whom Plaintiff intends to add as Defendants after learning their identities through discovery – acted in concert with, or gave substantial assistance to, HARNEY in unlawfully discriminating against Plaintiff on account of her religion.  The DOES did this knowing that it was unlawful for HARNEY, as Plaintiff's employer, to engage in religious discrimination against Plaintiff.

63.    Because Defendant HARNEY carried out its religious discrimination against Plaintiff with the assistance of the DOES, the Court should hold the DOES individually and personally liable for their conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants HARNEY and DOES 1 THROUGH 50 as follows:

### **ON ALL CAUSES OF ACTION:**

1.     For economic damages in an amount according to proof at trial;

2.     For non-economic damages in an amount according to proof at trial;

3.     For punitive damages in an amount according to proof at trial;

4.     For attorney's fees and costs associated with bringing and maintaining this action in accordance with the law; and

5.     For such other and further relief as the Court may deem proper.

Dated: May 2, 2023                     PACIFIC JUSTICE INSTITUTE

__/s/ *RAY D. HACKE*_____
Ray D. Hacke
Attorney for Plaintiff
CHRISTA KAINO

# EXHIBIT "A"

OREGON SECRETARY OF STATE
► **Corporation Division**

HOME    Business Xpress    business name search    oregon business guide
license directory    business registry/renewal    forms/fees    notary public
uniform commercial code    uniform commercial code search    documents & data services

## Business Name Search

New Search    Printer Friendly    Business Entity Data    05-02-2023 11:39

| Registry Nbr | Entity Type | Entity Status | Jurisdiction | Registry Date | Next Renewal Date | Renewal Due? |
|---|---|---|---|---|---|---|
| 389292-95 | ABN | INA | | 10-17-2006 | | |
| Entity Name | HARNEY DISTRICT HOSPITAL | | | | | |
| Foreign Name | | | | | | |
| Affidavit? | N | | | | | |

New Search    Printer Friendly    Associated Names

| Type | PPB | PRINCIPAL PLACE OF BUSINESS | | | |
|---|---|---|---|---|---|
| Addr 1 | 557 W WASHINGTON | | | | |
| Addr 2 | | | | | |
| CSZ | BURNS | OR | 97720 | Country | UNITED STATES OF AMERICA |

The Authorized Representative address is the mailing address for this business.

| Type | REP | AUTHORIZED REPRESENTATIVE | | Start Date | 10-17-2006 | Resign Date | |
|---|---|---|---|---|---|---|---|
| Name | JIM | | BISHOP | | | | |
| Addr 1 | 557 W WASHINGTON | | | | | | |
| Addr 2 | | | | | | | |
| CSZ | BURNS | OR | 97720 | | Country | UNITED STATES OF AMERICA | |

| Type | REG | REGISTRANT | | | |
|---|---|---|---|---|---|
| Of Record | 210413-89 | HARNEY COUNTY HEALTH DISTRICT | | | |
| Addr 1 | | | | | |
| Addr 2 | | | | | |
| CSZ | | | | Country | |

New Search    Printer Friendly    Name History

| Business Entity Name | Name Type | Name Status | Start Date | End Date |
|---|---|---|---|---|
| HARNEY DISTRICT HOSPITAL | EN | CUR | 10-17-2006 | |

Please read before ordering Copies.

New Search    Printer Friendly    Summary History

| Image Available | Action | Transaction Date | Effective Date | Status | Name/Agent Change | Dissolved By |
|---|---|---|---|---|---|---|
| | FAILURE TO RENEW | 02-23-2023 | | SYS | | |
| | RENEWAL PAYMENT | 09-22-2020 | | SYS | | |
| | RENEWAL PAYMENT | 09-18-2018 | | SYS | | |
| | RENEWAL PAYMENT | 10-12-2016 | | SYS | | |
| | RENEWAL PAYMENT | 10-13-2014 | | SYS | | |
| | RENEWAL PAYMENT | 10-15-2012 | | SYS | | |
| | RENEWAL PAYMENT | 10-11-2010 | | SYS | | |
| | RENEWAL PAYMENT | 10-15-2008 | | SYS | | |
| | APPLICATION FOR REGISTRATION | 10-17-2006 | | FI | Representative | |

New Search    Printer Friendly    Counties

Counties Filed

All Counties Filed.

About Us | Announcements | Laws & Rules | Feedback
Policy | SOS Home | Oregon Blue Book | Oregon.gov

For comments or suggestions regarding the operation of this site,
please contact : corporation.division@sos.oregon.gov

© 2023  Oregon Secretary of State.  All Rights Reserved.

# EXHIBIT "B"

2021.10.14.02R

OFFICE OF THE DIRECTOR
Office of the State Public Health Director



# COVID-19 Vaccine Religious Exception Request Form

I am requesting an exception from the COVID-19 vaccination on the basis of a sincerely held religious belief.

| Individual's name: Christa Kaino | Date of birth: 11/27/1984 |
|---|---|
| Phone number: 541·513·5181 | |
| Employer/Organization: Harney District Hospital | Job Title/Position: Radiology Manager |

## Please check the boxes below as appropriate and complete related questions:

[X] Receiving the COVID-19 vaccination conflicts with my religious observances, practices or beliefs as described below.

Please describe your religious belief and how it affects your ability to receive a COVID-19 vaccination

My faith lies in God as my healer, which has blessed me with natural immunity. To receve the vaccine would be a lack of my faith and accepting the immoral practice used in it's development.

I certify the above information to be true and accurate and that I sincerely hold the religious beliefs described above.

| Signature: C Kai | Date: 9/30/21 |
|---|---|

Please note that if your exception request is approved, you may be required by your employer or other responsible party to take additional steps to protect you and others from contracting and spreading COVID-19. Workplaces are not required to provide this exception accommodation if doing so would pose a direct threat to the excepted individual or others in the workplace or would create an undue hardship.

**Document accessibility:** For individuals with disabilities or individuals who speak a language other than English, OHA can provide information in alternate formats such as translations, large print, or braille. Contact the Health Information Center at 1-971-673- 2411, 711 TTY or COVID19.LanguageAccess@dhsoha.state.or.us.

OHA 3871 (8/25/2021)

# EXHIBIT "C"

**Christa Kaino**

| | |
|---|---|
| **From:** | Toni Siegner |
| **Sent:** | Friday, October 15, 2021 2:01 PM |
| **To:** | Christa Kaino |
| **Subject:** | Vaccine Exception |
| **Attachments:** | 2021.10.14.02.pdf |

DATE: October 15, 2021
TO: Christa Kaino, Applicant 2021.10.14.**02R**
FROM: Human Resources Department, Harney County Health District
RE: COVID-19 Vaccine Religious Exception Request

This letter is to inform you your request for a COVID-19 Vaccine Religious Exception has been reviewed by the Vaccine Exception Committee. Requests were either Approved, Denied or noted as Needing More Information. The committee was unable to reach a clear majority on your request and asks for more information.

The Religious Exception is defined on the COVID-19 Vaccine Religious Exception Form and based on a sincerely held religious belief. Approval is based on the applicant's ability to adequately describe how their religious beliefs legitimately affect their ability to receive a COVID-19 vaccination.

Reviewers noted the following on the Religious Exception Request Form you submitted:
- Unclear how vaccine violates religious belief
- Are all medicines/treatments for you and your family avoided?

I am attaching a copy of your original Exception Request. You may add more information to this request or reapply. To be included in the final committee packet, your Religious Exception Request must be turned in to Stephanie Moss in Human Resources by Monday, October 18th, at Noon so they may be reviewed that afternoon.

Human Resources, Harney District Hospital

_____

================================================================

==================== Please be aware e-mail communication can be intercepted in transmission or misdirected. Please consider communicating sensitive information by telephone, fax, or mail. The information contained in this message may be privileged and confidential. If you are NOT the intended recipient, please notify the sender immediately with a copy to hipaa.security@harneydh.com and delete this message. Any subsequent disclosure, copying, or distribution of this message is strictly prohibited.

_____

================================================================

====================

# EXHIBIT "D"



**Harney District Hospital**

557 W. WASHINGTON • BURNS, OR 97720 • 541-573-7281 • www.harneydh.com

DATE: October 18, 2021

TO: Christa Kaino

FROM: Human Resources, Harney County Health District

RE: COVID-19 Vaccination Mandate

Effective October 19, 2021, as mandated by the State of Oregon Temporary Administrative Order PH 38-2021, a health care provider or health care staff person may not work in a health care setting unless they are fully vaccinated against COVID-19, or provide documentation of a medical or religious exception.

Unfortunately this letter is to inform you of our intent to terminate your employment with Harney County Health District, effective October 19, 2021, for failure to be fully vaccinated against COVID-19 or have a documented exception to this mandate. While we can't guarantee the same position, we encourage you to consider reapplying for an open position after the mandate is lifted.

Your final check will include wages through October 18th and any unused PTO you may have accumulated; checks will be mailed October 19th. If you'd prefer to pick up the check, please make arrangements with Hollie Held, 541.573.4184.

Your health, dental and vision benefits will continue through October 31, 2021. You will be sent information from our COBRA vendor explaining your rights to elect and continue coverage after October 31st. If you have any questions regarding any of your benefits, please contact Stephanie Moss, 541.573.8332.

# EXHIBIT "E"



**Lauren Pefferle <lpefferle@pji.org>**

## Fwd: FW: message

**Christa Kaino** <christa.kaino@gmail.com>          Thu, May 26, 2022 at 9:30 PM
To: Ray Hacke <rhacke@pji.org>, Lauren Pefferle <lpefferle@pji.org>

I am forwarding this email onto you that a coworker shared with me after I was terminated. This was to the staff and board from the CEO of the hospital.

---------- Forwarded message ---------
From: **Elisha Miller** <elishachance@gmail.com>
Date: Wed, Apr 27, 2022 at 3:04 PM
Subject: Fwd: FW: message
To: <christa.kaino@gmail.com>

---------- Forwarded message ---------
From: **Elisha Miller** <emiller@harneydh.com>
Date: Wed, Apr 27, 2022 at 2:28 PM
Subject: FW: message
To: elishachance@gmail.com <elishachance@gmail.com>

**From:** Daniel W. Grigg
**Sent:** Wednesday, October 20, 2021 5:45 PM
**To:** HDH.All <HDH.All@harneydh.com>; Hdh.Board <Hdh.Board@harneydh.com>
**Subject:** message

Good evening everyone,

As you know, these last couple of months have been very intense due to the surge of COVID-19 patients and the pending vaccine mandate from Governor Brown. We feel that we did everything we could to minimize the staffing impact of the vaccine mandate. When it was all said and done, we lost 9 staff due to the mandate. Losing even one was too many. We have also lost a few other employees who have chosen to leave for personal reasons. Among these are two of our managers, Christa Kaino and Jeff Sceirine. They are both outstanding leaders and individuals and have made significant contributions to our organization. We wish them, and all who have been affected by these changes, the best.

The areas where we are most short staffed right now are EMS, Lab, EVS (housekeeping), and Nursing. The state of Oregon sent us two EMTs and two paramedics to help with our staffing issues. We submitted additional requests for lab techs, an imaging tech, and nurses, and we are waiting to hear back from the state. Thank you to all of you who are carrying an extra load right now. Please be assured we are doing all we can to find more help. Our recruiter, Jen Hoke, is working tirelessly to find both temporary and long-term employees to fill our vacancies.

We are sincerely grateful for all of you who have chosen to stay with us, despite the challenges. Because of you, this is a great place to work and a great place to receive care. Our hospital is stronger because of you. We still have some

challenging times ahead, but I'm confident that, with your help, we will get through this and continue to thrive as an organization.


Have a great night,


Dan


_____     ==============================
_____     ================================================================= Please be aware e-mail communication can be intercepted in transmission or misdirected. Please consider communicating sensitive information by telephone, fax, or mail. The information contained in this message may be privileged and confidential. If you are NOT the intended recipient, please notify the sender immediately with a copy to hipaa.security@harneydh.com and delete this message. Any subsequent disclosure, copying, or distribution of this message is strictly prohibited.

_____     ==============================
_____     =================================================================

_____   ======================================================== ====================================== Please be aware e-mail communication can be intercepted in transmission or misdirected. Please consider communicating sensitive information by telephone, fax, or mail. The information contained in this message may be privileged and confidential. If you are NOT the intended recipient, please notify the sender immediately with a copy to hipaa.security@harneydh.com and delete this message. Any subsequent disclosure, copying, or distribution of this message is strictly prohibited. _____
==========================================================================================
=========
_____
This email has been scanned by the Symantec Email Security.cloud service.
For more information please visit http://www.symanteccloud.com
_____


--

*Make it a Great Day*
*Chance & Elisha Miller*

# EXHIBIT "F"



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Seattle Field Office**
909 First Avenue, Suite 400
Seattle, WA 98104
(206) 576-3000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 02/13/2023

**To:** Mrs. Christa Kaino
30627 Stanclift Ln
Burns, OR 97720
Charge No: 551-2022-01959

EEOC Representative and email:    Andrew Schwich
Investigator
andrew.schwich@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 551-2022-01959.

On Behalf of the Commission:

February 13, 2023
Date

for
Elizabeth M. Cannon, Director
Seattle Field Office

**Cc:**
Elizabeth MacGregor
FisherBroyles, LLP
701 5th Ave Ste 4200
Seattle, WA 98104

Laura  Erickson
Harney District Hospital
557 W Washington St
Burns, OR 97720

Ray Hacke
PO Box 5229
Salem, OR 97304


Please retain this notice for your records.

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC
*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 551-2022-01959 to the District Director at Nancy Sienko, 450 Golden Gate Avenue 5 West PO Box 36025 San Francisco, CA 94102.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to:
https://www.eeoc.gov/eeoc/foia/index.cfm.

# EXHIBIT "G"

# Date Calculator: Add to or Subtract From a Date

Enter a start date and add or subtract any number of days, months, or years.

Count Days     **Add Days**     Workdays     Add Workdays     Weekday     Week №

From **Monday, February 13, 2023**
Added 90 days

## Result: Sunday, May 14, 2023

### Calendar showing period from February 13, 2023 to May 14, 2023

| February 2023 | | | | | | | | March 2023 | | | | | | | | April 2023 | | | | | | | | May 2023 | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **15 days added** | | | | | | | | **31 days added** | | | | | | | | **30 days added** | | | | | | | | **14 days added** | | | | | | |
| Sun | Mon | Tue | Wed | Thu | Fri | Sat | | Sun | Mon | Tue | Wed | Thu | Fri | Sat | | Sun | Mon | Tue | Wed | Thu | Fri | Sat | | Sun | Mon | Tue | Wed | Thu | Fri | Sat |
| | | | 1 | 2 | 3 | 4 | | | | | 1 | 2 | 3 | 4 | | | | | | | | 1 | | | 1 | 2 | 3 | 4 | 5 | 6 |
| 5 | 6 | 7 | 8 | 9 | 10 | 11 | | 5 | 6 | 7 | 8 | 9 | 10 | 11 | | 2 | 3 | 4 | 5 | 6 | 7 | 8 | | 7 | 8 | 9 | 10 | 11 | 12 | 13 |
| 12 | 13 | 14 | 15 | 16 | 17 | 18 | | 12 | 13 | 14 | 15 | 16 | 17 | 18 | | 9 | 10 | 11 | 12 | 13 | 14 | 15 | | 14 | 15 | 16 | 17 | 18 | 19 | 20 |
| 19 | 20 | 21 | 22 | 23 | 24 | 25 | | 19 | 20 | 21 | 22 | 23 | 24 | 25 | | 16 | 17 | 18 | 19 | 20 | 21 | 22 | | 21 | 22 | 23 | 24 | 25 | 26 | 27 |
| 26 | 27 | 28 | | | | | | 26 | 27 | 28 | 29 | 30 | 31 | | | 23 | 24 | 25 | 26 | 27 | 28 | 29 | | 28 | 29 | 30 | 31 | | | |
| | | | | | | | | | | | | | | | | 30 | | | | | | | | | | | | | | |

☐ = Start date (Feb 13, 2023)     ☐ = Final result date (May 14, 2023)



**Time & Date Calculator App for iOS**

See how long remains before a deadline or exactly when those 30 days are up.