IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CHRISTA KAINO,<br><br>        Plaintiff,<br>v.<br><br>HARNEY COUNTY HEALTH DISTRICT d/b/a HARNEY DISTRICT HOSPITAL, and DOES 1 THROUGH 50,<br><br>        Defendants. | Case No.: 2:23-cv-00643-HL<br><br><br>ORDER |

**Adrienne Nelson, District Judge**

United States Magistrate Judge Andrew Hallman issued a Findings and Recommendation ("F&R") in this case on July 24, 2024 in which he recommended that this Court grant in part and deny in part defendant Harney County Health District d/b/a Harney District Hospital's ("defendant") motion to dismiss. Defendant timely filed objections to the F&R, which plaintiff responded to. *See* Def. Objs. to F&R ("Objs."), ECF [21]; Pl. Resp. to Objs. to F&R ("Resp."), ECF [22]. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b). After reviewing the parties' pleadings, the Court finds that oral argument will not help resolve this matter. Local R. 7-1(d).

A district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If any party files objections to a magistrate judge's proposed findings and recommendations, "the court shall make a de novo determination of those portions of the report." *Id.* No standard of review is prescribed for the portions of the report for which no objections are filed, and no review is required in the absence of objections. *Thomas v. Arn*, 474 U.S. 140, 152-54 (1985). A district court judge is not, however, precluded from *sua sponte* review of other portions of the report, under a *de novo* standard or otherwise. *Id.* at 154. The Advisory Committee notes to Federal Rule of Civil Procedure 72(b) recommend that, when no objection is filed, the recommendations be reviewed for "clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee's note to

1

1983 amendment.

## DISCUSSION

Plaintiff brings this religious discrimination action against defendant, her former employer, and defendant Does 1-50 (the "Doe defendants"), under Title VII and Oregon Revised Statute ("ORS") § 659A.030(1)(a). The relevant facts are set forth in the F&R, but a summary is provided.[1]

In August 2021, the Oregon Health Authority ("OHA") issued a COVID-19 vaccine mandate to all healthcare workers requiring that they be vaccinated against COVID-19 by October 2021. F&R, ECF [19], at 2. The mandate allowed healthcare workers to seek and be granted religious exemptions from the vaccination requirement by submitting a request form. *Id.* Following the mandate, defendant required that its employees be vaccinated by October 18, 2021, and permitted any employee seeking a religious exemption to fill out and submit a form for review by defendant's vaccine exemption committee. *Id.* The committee then had the authority to approve, deny, or ask for more information about the request. *Id.*

Plaintiff began working for defendant in 2007 and was employed as a radiology imaging manager at the time the mandate went into effect. *Id.* at 2. On September 30, 2021, she sought a religious exemption by filling out the necessary OHA request form, which asked plaintiff to describe her religious belief and how it affected her ability to receive a COVID-19 vaccination. *Id.* at 3. Plaintiff stated in full: "My faith lies in God as my healer, which has blessed me with natural immunity. To receive the vaccine would be a lack of my faith and accepting the immoral practice used in it's [sic] development." *Id.* (quoting Pl. First Am. Compl. ("FAC"), ECF [7], ¶ 12). Plaintiff identifies herself as a "devout Christian" in the FAC, though she did not specifically identify herself as a Christian in her exemption request. *Id.* at 2-3.

On October 15, 2021, plaintiff received an email from defendant's Human Resources department. *Id.* at 3. The email informed plaintiff that defendant's vaccine exemption committee needed

---

[1] Defendant does not object to the F&R's recitation of facts, which are derived from plaintiff's complaint and assumed to be true for purposes of reviewing defendant's Fed. R. Civ. P. 12(b)(6) motion. *See* F&R, ECF [19], at 2 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007)).

more information regarding her request, as the committee was "unclear about how the vaccine violated [her] 'religious belief']." *Id.* (quoting FAC, Ex. C) (alteration in original). The committee asked plaintiff to answer the question: "Are all medicines/treatments for you and your family avoided?" *Id.* Plaintiff, believing her exemption request to be sufficient and the committee's question to be invasive, did not respond to the email. *Id.* On October 18, 2021, defendant notified plaintiff "that her employment would be terminated, effective the next day, 'for failure to be fully vaccinated against COVID-19 or to have a documented exemption to this mandate.'" *Id.* (quoting FAC, Ex. D).

Defendant moved to dismiss plaintiff's complaint in its entirety. The F&R finds that plaintiff has stated a claim for religious discrimination; that undue hardship is not clear from the face of the complaint; and that plaintiff failed to state a claim against the Doe defendants. Thus, the F&R recommends that this Court grant defendant's motion as to plaintiff's claims against the Doe defendants; deny defendant's motion in all other respects; and dismiss the Doe defendants without prejudice and with leave to amend.

Defendant timely filed objections to the F&R on the following bases: (1) the F&R erroneously finds that guidance from the Equal Employment Opportunity Commission ("EEOC") does not allow an employer to inquire as to the sincerity of an employee's religious beliefs and the conflict between those beliefs and the employee's employment duties; (2) the F&R erroneously finds that plaintiff's exemption request sufficiently stated a religious conflict cognizable under Title VII and its state law counterpart; and (3) the F&R erroneously finds that defendant's undue hardship arguments cannot be addressed at the motion to dismiss stage because neither the complaint nor any judicially noticeable materials reference hardship by defendant. Objs. 5-13. Defendant's objections are addressed in turn.

A.     **Impact of EEOC Guidance**

Defendant first objects to the F&R's finding that the EEOC guidance cited by defendant does not require an employee to respond to an employer's inquiries into the sincerity of an employee's religious beliefs. *Id.* at 5-8. Defendant contends that guidance from the EEOC not only expressly allows such an inquiry but further provides that an employee's failure to cooperate with their employer is fatal to a subsequent claim for religious discrimination by that employee. *Id.* at 5-6 (citing EEOC Guidance on

3

COVID-19 and the ADA, the Rehabilitation Act, and other EEO laws ("EEOC Guidance") § 12-I(A)(2)).

In pertinent part, the EEOC Guidance provides:

> "Generally, under Title VII, an employer should proceed on the assumption that a request for religious accommodation is based on sincerely held religious beliefs, practices, or observances. However, if an employer has an objective basis for questioning either the religious nature or the sincerity of a particular belief, the employer would be justified in making a limited factual inquiry and seeking additional supporting information. An employee who fails to cooperate with an employer's reasonable requests for verification of the sincerity or religious nature of a professed belief, practice, or observance risks losing any subsequent claim that the employer improperly denied an accommodation."

EEOC Guidance, § 12-I(A)(2). Under this guidance, defendant argues that the "short statement" contained in plaintiff's exemption request left defendant "unable to determine how Plaintiff's religious beliefs legitimately affected the ability to receive the COVID-19 vaccination." Objs. 6. Defendant argues that because it was "unable to decide" whether to accept or deny the exemption request, defendant's exemption committee made a justified and limited factual inquiry wherein it sought additional supporting information by posing two specific questions: (1) "how the vaccine violates religious belief," and (2) "Are all medicines/treatments for you and your family avoided?" *Id.* In sum, defendant contends that by failing to cooperate with defendant's reasonable requests for verification of the sincerity of her professed religious beliefs, plaintiff forfeit any subsequent religious discrimination claim. *Id.* at 7.

To state a claim for religious discrimination under Title VII based on a failure-to-accommodate theory, plaintiff must allege that "(1) she had a bona fide religious belief, the practice of which conflicts with an employment duty; (2) she informed her employer of the belief and conflict; and (3) the employer discharged, threatened, or otherwise subjected her to an adverse employment action because of her inability to fulfill the job requirement." *Keene v. City and Cnty. of S.F.*, No. 22-16567, 2023 WL 3451687, at *1 (9th Cir. May 15, 2023) (internal alterations and citations omitted). "A bona fide religious belief is one that is 'sincerely held.'" *Id.* Courts are directed to "generally accept the assertion of a sincerely held religious belief." *Id.* at *2; *Thompson v. Asante Health Sys.*, No. 1:23-cv-00486-CL, 2023 WL 7348812, at *2 (D. Or. Sept. 21, 2023), *findings and recommendation adopted*, No. 1:23-cv-00486-CL, 2023 WL 7326496 (D. Or. Nov. 7, 2023). Ultimately, Title VII defines "religion" broadly to include "all

4

aspects of religious observance and practice, as well as belief." *Tiano v. Dillard Dep't Stores, Inc.*, 139 F.3d 679, 681 (9th Cir. 1998) (quoting 42 U.S.C. § 2000e-2(a)(1)).  "Once an employee proves a prima facie case under Title VII, the burden shifts to the employer to show that it undertook 'some initial step to reasonably accommodate the religious belief of that employee.'"  *Heller v. EBB Auto Co.*, 8 F.3d 1433, 1440 (9th Cir. 1993) (quoting *Amer. Postal Workers Union v. Postmaster Gen.*, 781 F.2d 772, 776 (9th Cir. 1986)); *Bolden-Hardge v. Off. of Ca. State Controller*, 63 F.4th 1215, 1224-25 (9th Cir. 2023).

Defendant's first objection concerns prong two of plaintiff's *prima facie* case, the "notice" requirement.  On this issue, *Heller* controls.  In *Heller*, the Ninth Circuit considered how much information an employee must provide to satisfy Title VII's notice requirement.  8 F.3d at 1439.  The court concluded that an employee must give to their employer "only enough information about an employee's religious needs to permit the employer to understand the existence of a conflict between the employee's religious practice and the employer's job requirements."  *Id.*  "Any greater notice requirement would permit an employer to delve into the religious practices of an employee in order to determine whether religion mandates the employee's adherence."  *Id.*

The EEOC's guidance provides "that an employee's request for an exemption from a COVID-19 vaccination mandate can be denied on the grounds that the employee's belief is not truly religious in nature." *Thompson*, 2023 WL 7348812, at *3 (quoting *Doe v. San Diego Unified Sch. Dist.*, 19 F.4th 1173, 1180 (9th Cir. 2021)) (internal quotation marks omitted).  And defendant is correct that the EEOC's guidance allows an employer with an "objective basis" for questioning the religious nature or sincerity of an asserted belief to make a reasonable and limited factual inquiry and to seek additional supporting information.  EEOC Guidance, § 12-I(A)(2).  But defendant provides no authority, and this Court can find none, to support defendant's argument that an employee forfeits any subsequent religious discrimination claim by failing to cooperate with an employer's requests for verification of the sincerity of that employee's professed religious belief.

In *Kidd. v. University Medical Center of Southern Nevada*, the plaintiff sought an exemption from the COVID-19 vaccine for non-religious reasons and then, when the defendant denied her

5

exemption request, switched to an "undefined religious reason." No. 2:22-CV-01990-ART-NJK, 2024 WL 4046249, at *5 (D. Nev. July 2, 2024). Relying on the same EEOC guidance that defendant cites here, the defendant employer in *Kidd* argued "that COVID-19 'changed the game' for Title VII claims by allowing employers to require more information about their employees' religious beliefs once they have an objective reason to doubt the sincerity of those beliefs." *Id.* In essence, the defendant employer argued that the "timing of the [plaintiff's] request render[ed] it suspect" and thereby gave the defendant an objective basis to further investigate the sincerity of the asserted religious belief. *Id.* The court disagreed. *Id.* Specifically, the court reasoned that it was "aware of no caselaw compelling [the plaintiff] to provide greater information to [the defendant] regarding her religious beliefs at the prima facie step," and that "[n]either COVID nor the EEOC's guidance alters the notice requirement in *Heller*." *Id.* The court further reasoned that "[w]hile an employee may have some duty to share information about her religious practice with her employer, those duties arise at step two of the religious discrimination test—when employers and employees must collaborate to make reasonable accommodations for their employees' sincerely held religious beliefs." *Id.*

This Court is persuaded by the reasoning set forth in *Kidd*. Defendant points to no authority to support an assertion that the EEOC's guidance altered the notice requirement as defined in *Heller*, and the Court declines to so assert. The second prong of plaintiff's *prima facie* case is met where, as here, plaintiff gave to defendant "enough information about [her] religious needs to permit [defendant] to understand *the existence of a conflict* between [her] religious practice and [defendant's] job requirements." *Heller*, 8 F.3d at 1439 (emphasis added).

B.    **Sufficiency of Exemption Request**

Defendant also objects that the F&R erred in finding that plaintiff's exemption request was sufficient. First, defendant argues that the "three-line, bare-bones application did not identify religion and vaguely referred to immunity and moral reasons for rejecting the vaccine[.]" Objs. 11. Albeit short, plaintiff's exemption request provides that plaintiff's faith lies in God as her healer, that God has "blessed her with natural immunity," and that "to receive the vaccine would be a lack of faith and accepting the immoral practice used in it's [sic] development." FAC ¶¶ 19-20. As Judge Hallman correctly noted,

plaintiff's allegations are akin to those found sufficient to state a claim in other cases in this district. F&R 7. Drawing every reasonable inference in plaintiff's favor, plaintiff's exemption request was sufficient to put defendant on notice of the existence of a religious conflict.

Defendant next argues that the cases cited in the F&R are distinguishable because they "did not involve an employee's refusal to respond to reasonable employer requests" and because the plaintiffs in many of the cases were subject to "negative, disparaging, or hateful statements," which plaintiff here was not. Objs. 9, 11. But, in part for the reasons outlined above, this argument misses the mark. Plaintiff's exemption request was sufficient to put defendant on notice of a religious conflict. Any analysis of the reasonableness of plaintiff's refusal to respond to defendant's additional request for information should be undertaken only *after* plaintiff has met her *prima facie* burden. Further, whether defendant subjected plaintiff to negative, disparaging, or hateful statements is not dispositive—or even particularly relevant—to whether plaintiff adequately informed defendant of her religious conflict. For all the reasons stated, the F&R correctly concluded that plaintiff has alleged facts sufficient to state a claim at the *prima facie* stage.

**C.     Undue Hardship**

Defendant's final objection asserts that the F&R erred in finding that neither the complaint nor any judicially noticeable materials reference hardship by defendant. As noted above, once an employee has established a *prima facie* claim case for religious discrimination based on a theory of failure to accommodate, the burden shifts to the employer to show "either that it initiated good faith efforts to accommodate reasonably the employee's religious practices or that it could not reasonably accommodate the employee without undue hardship." *Bolden-Hardge*, 63 F.4th at 1224. Dismissal based on undue hardship "is proper only if the defendant shows some obvious bar to securing relief on the face of the complaint or in any judicially noticeable materials." *Id.* at 1224-25 (internal citations and quotation marks omitted). More often, undue hardship is appropriately raised on summary judgment. *See, e.g.*, *MacDonald v. Or. Health & Sci. Univ.*, 689 F. Supp. 3d 906, 914, 918 (D. Or. 2023). This is true because finding undue hardship requires a court's "fact-specific inquiry" that "take[s] . . . into account all relevant factors in the case at hand, including the particular accommodations at issue and their practical impact in light of the

nature, size and operating cost of [an] employer." *Groff v. DeJoy*, 600 U.S. 447, 468, 470-71 (2023). Ultimately, "'undue hardship' is shown when a burden is substantial in the overall context of an employer's business." *Id.* at 468.

Defendant urges this Court to find undue hardship because plaintiff's "demand for [defendant] to waive the accommodation process would have violated the Vaccination Mandate and as such is not supported by Oregon or federal law." Objs. 11-12. Defendant further argues that the Court may find support for a finding of undue hardship from (1) another case in this district, *Johnson v. Brown*, 567 F. Supp. 3d 1230, 1238 (D. Or. 2021), which explicitly recognized the general impacts of COVID-19 on essential healthcare services in Oregon; and (2) Exhibit 3 to the FAC, which indicates that defendant lost nine staff and two managers because of the mandate, and that "[l]osing even one was too many*." Id.* at 12.

As an initial matter, for the reasons explained above, defendant's characterization of plaintiff's failure to respond to defendant's follow-up inquiry as plaintiff "demand[ing]" that defendant "waive the accommodation process" is inaccurate. Further, even assuming without deciding that the Court may consider the evidence proffered by defendant, such evidence falls far short of establishing an "obvious bar to securing relief." *Bolden-Hardge*, 63 F.4th at 1224-25. Exhibit 3 to the FAC indicates that defendant lost nine staff members and two managers to the vaccine mandate, struggled with staffing and strained operations, and requested assistance from the state to find temporary and long-term replacements. FAC, Ex. C. The statements in Exhibit C to the FAC do not satisfy the requirement that this Court undertake a "fact-specific inquiry" that considers "all relevant factors in the case at hand, including the particular accommodations at issue and their practical impact in light of the nature, size and operating cost of [defendant]." *Groff*, 600 U.S. at 468, 470-71. To the contrary, the contents of the referenced exhibit do not address how, if at all, defendant would have faced undue hardship in accommodating plaintiff specifically. Nor does it delineate what, if any, "substantial burden" defendant would have faced from any particular accommodation. For all these reasons, the F&R correctly found that defendant's undue hardship arguments are not appropriate to be considered at the motion to dismiss stage.

## CONCLUSION

For the foregoing reasons, the Court ADOPTS Judge Hallman's Findings and Recommendation, ECF [19]. Defendant's Motion to Dismiss, ECF [13], is GRANTED as to plaintiff's claims against defendant Does 1-50 and is DENIED in all other respects. Defendant Does 1-50 are dismissed without prejudice and with leave to amend.

IT IS SO ORDERED.

DATED this 26 day of September, 2024.

Adrienne Nelson
United States District Judge